UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KIMBERLY STINES,                                :

        Plaintiff,                            :

                                       ORDER

  -against-                                              :

                                       21 Civ. 7884 (JGK) (GWG)

JOSEPH BERNAL, et al.,                       :

        Defendants.                       :
---------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      On September 21, 2021, this case was removed to federal court by defendant Fordham University. (Docket # 1). On August 2, 2022, plaintiff Kimberly Stines filed an amended complaint. (Docket # 46). On October 6, 2022, plaintiff filed a letter stating that one of the defendants, Joseph Bernal, had died. (Docket # 68).[1] Plaintiff now moves to substitute as defendant the "Estate of Joseph W. Bernal." (Docket # 75).

      Fed. R. Civ. P. 25 governs plaintiff's motion in this case. It provides in relevant part: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). Case law holds, however, that an estate is not a "proper party" to be substituted. See Gusler v. City of Long Beach, 2015 WL 3796328, at *2 (E.D.N.Y. June 18, 2015); Natale v. Country Ford Ltd., 287 F.R.D. 135, 137 (E.D.N.Y. 2012) ("The estate of a deceased party is not a proper party under Rule 25.") (citation omitted). Instead, the proper party is either a "successor" of the deceased party (such as a distributee) or a "representative of the deceased party" — that is, "a person lawfully designated by state authority to represent the deceased's estate." Gusler, 2015 WL 3796328, at *2; accord Smith v. Planas, 151 F.R.D. 547, 549 (S.D.N.Y. 1993) ("[B]efore a motion to substitute may be granted, a representative of [the] estate must be named as the proper party for substitution.") (citation omitted).

      Here, although it appears plaintiff has sought the appointment of a representative for the Estate of Joseph Bernal in a Florida probate court, (see Docket # 75-1),[2] there is no indication that a representative has been appointed. In any event, the motion before us does not seek to substitute a representative but improperly seeks to substitute an estate.

---

    [1] There is no record that Bernal was ever served with the amended complaint.

    [2] The papers filed in the Florida probate court appear to seek the appointment of both a "curator" and a "personal representative" of the estate. See Docket # 75-1 at *5, *7.

For these reasons, plaintiff's motion to substitute the Estate of Joseph W. Bernal (Docket # 75) is denied. The Court recognizes that any further motion to substitute would necessarily be filed after the 90-day time period prescribed for the filing of such a motion under Fed. R. Civ. P. 25(a)(1). Obviously, plaintiff is free to seek an extension of this deadline by showing good cause under Fed. R. Civ. P. 6(b).

SO ORDERED.

Dated: February 14, 2023
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge