UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KIMBERLY STINES,

                      Plaintiff,

        - against -

ALVARO SANCHEZ, ET AL.,

                  Defendants.
_____

21-cv-7884 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    This action centers on the plaintiff's allegation that she was sexually abused as a teenager in the 1970s and 1980s by her former swim coach, Joseph Bernal. ECF No. 46 ("Compl.") at 1. In addition to suing Bernal, Fordham University (where Bernal was based from 1966 to 1978), and the Amateur Athletic Union of the United States (American swimming's national governing body until 1980) on various grounds, the plaintiff also brought claims for negligence against four swim clubs allegedly affiliated with Bernal. Id. ¶¶ 3, 19-25, 108-157.[1] Two of those clubs -- Bernal's Gator Swim Club of New England, Inc. ("Bernal's New England") and Baystate Gator Swim Club, LLC ("Baystate" and, with Bernal's New England, the "Moving Defendants") -- now move to dismiss the claims against them for lack of personal jurisdiction and failure to state a claim. ECF No. 58; see also Fed. R. Civ. P. 12(b)(2), (6). The motions are **denied without prejudice**.

_____

[1] On October 6, 2022, the plaintiff advised that Bernal had died. ECF No. 68. Alvaro Sanchez, the curator/attorney ad litem of Bernal's estate, has been substituted for Bernal as a defendant in this action. ECF No. 82.

The plaintiff does not contend that the Court could exercise
general or specific personal jurisdiction over the Moving
Defendants based on their current contacts with New York. Both
entities allegedly are Massachusetts-based, Compl. ¶¶ 6, 9, and the
plaintiff does not allege that either has any presence or conducts
any activities in New York. See Ford Motor Co. v. Montana Eighth
Jud. Dist. Ct., 141 S. Ct. 1017, 1024 (2021) (detailing the
requirements for general and specific personal jurisdiction).
Instead, the plaintiff argues that the Moving Defendants are
successors-in-interest to Bernal's Gator Swim Club, Inc. ("Bernal's
New York") -- another defendant and the New York swim club Bernal
operated at the time of the alleged abuse -- and thus are
responsible for the tort liabilities of Bernal's New York. It is
"well settled," and undisputed on this motion, that a court gains
personal jurisdiction over a successor-in-interest to a party over
whom the court has personal jurisdiction "simply as a consequence
of [the successor's] status as a successor in interest." Gentry v.
Kaltner, No. 17-cv-8654, 2020 WL 1467358, at *7 (S.D.N.Y. Mar. 25,
2020) (collecting cases). However, this rule only applies "after
successor liability is established." Id. Under New York law,
successor liability attaches when a successor formally assumes the
liability at issue, when a transaction between predecessor and
successor is a de facto merger, when the successor is a "mere
continuation" of the predecessor, or when the transaction is
"entered into fraudulently to escape [the predecessor's]

2

obligations." Schumacher v. Richards Shear Co., 451 N.E.2d 195, 198 (N.Y. 1983); see also Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 45 (2d Cir. 2003).[2]

It is unclear whether the Moving Defendants are successors-in-interest to Bernal's New York. To survive the Rule 12(b)(2) motion at this pre-discovery stage, however, the plaintiff need only "plead[] in good faith legally sufficient allegations of jurisdiction, i.e., by making a prima facie showing of jurisdiction." Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998); Gentry, 2020 WL 1467358, at *7. The plaintiff has made this showing. She alleges that Bernal's Gators swim clubs "in one form or another have been in continuous operation since the 1970s," Compl. ¶ 99; that Joseph Bernal "kept changing the names of his entities to avoid liability for torts, including the sexual abuse of children," id. ¶ 101; that "Baystate Gators is the newest iteration of Bernal's Gators," id. ¶ 100; and that by the time Baystate Gators purchased the assets of Bernal's New England in 2016, "it was well known in the Swimming Community that Joe Bernal would be banned by USA Swimming for raping children," id. ¶ 97. The plaintiff also asserts that the asset purchase agreement between

---

[2] The parties' briefs assume New York law applies, and such implied consent suffices to establish choice of law. Krumme v. Westpoint Stevens, 238 F.3d 133, 138 (2d Cir. 2000).

Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Bernal's New England and Baystate included the transfer not only of
assets, but also of Bernal's New England's business location
(namely, a pool), equipment, supplies, employees, management, and
good will. See ECF No. 67-11. Taken as true, these and other
allegations by the plaintiff concerning continuity in ownership
between the various entities support the plausible inference that
Bernal's New England de facto merged with Bernal's New York and
that Baystate in turn de facto merged with, or was a mere
continuation of, Bernal's New England. The plaintiff accordingly
has made a prima facie showing that the Moving Defendants are
subject to personal jurisdiction as successors-in-interest to
Bernal's New York. See, e.g., Arabi v. Javaherian, No. 13-cv-456,
2014 WL 3892098, at *8 (E.D.N.Y. May 1, 2014) (prima facie case of
personal jurisdiction under successor liability satisfied where
plaintiff alleged, among other things, that the management,
personnel, customers, trade supplies, and physical location of the
predecessor and successor entities were the same); Phillips v. Reed
Grp., Ltd., 955 F. Supp. 2d 201, 230-31 (S.D.N.Y. 2013) (same,
where plaintiff alleged, in detail drawn from press releases and
board meetings, that successor entity was "designed to be the
successor to" the predecessor); see also Martin Hilti Family Trust
v. Knoedler Gallery, LLC, 137 F. Supp. 3d 430, 456-58 (S.D.N.Y.
2015) (describing the de facto merger and mere continuation
standards under New York law). The Moving Defendants of course may
move for summary judgment on the issue of personal jurisdiction

following any jurisdictional discovery. But their motions to dismiss for lack of personal jurisdiction are **denied without prejudice.**

The motions to dismiss under Rule 12(b)(6) also are **denied without prejudice.** It is immaterial that Baystate and Bernal's New England did not exist at the time of the alleged abuse. See Defs.' Memo., ECF No. 58, at 8. If, as the plaintiff plausibly alleges, Baystate and Bernal's New England are successors-in-interest to Bernal's New York, they would be responsible for Bernal's New York's tort liabilities, see, e.g., Schumacher, 451 N.E.2d at 198, and there is no suggestion at this point that the plaintiff has not stated a claim for negligence against Bernal's New York.

### CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the motions to dismiss the claims against Bernal's New England and Baystate are **denied without prejudice.** The Clerk is directed to close ECF No. 58. Bernal's New England and Baystate shall answer the amended complaint by **May 29, 2023.**

**SO ORDERED.**
Dated:    **New York, New York**
          **May 16, 2023**

                                    _____
                                    **John G. Koeltl**
                                    **United States District Judge**

5