UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIMBERLY STINES,

            Plaintiff,

v.

ALVARO SANCHEZ, PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH BERNAL, AMATEUR ATHLETIC UNION OF THE UNITED STATES (a/k/a AAU USA), FORDHAM UNIVERSITY, BERNAL'S GATOR SWIM CLUB OF NEW ENGLAND, INC., BERNAL'S GATOR SWIM CLUB, INC., BAYSTATE GATOR SWIMCLUB, LLC and GATOR SWIM CLUB, INC.,

            Defendants.

[PROPOSED] PROTECTIVE ORDER

Case No. 21-CV-7884 (JGK)

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff Kimberly Stines ("Plaintiff") and Defendants, through their undersigned counsel of record, as follows:

1. Any party may designate as "Confidential" any document or information which they believe constitutes, contains, or would disclose: (i) non-public business, commercial, financial, and/or medical information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect their personal and/or financial interests; or (ii) non-public personal information or personal financial information of individuals who are not parties to this lawsuit. The entering into this Stipulation of Confidentiality shall not constitute an acknowledgment by the parties that material designated as "Confidential Material" is in fact confidential and such designation shall have no precedential or evidentiary value including, without limitation, any determination regarding the admissibility of

1

the document so designated. The parties are entering into this Stipulation of Confidentiality in order to facilitate discovery.

2. "Confidential Material" shall be used solely for the purposes of litigating this lawsuit and not for any other purpose or lawsuit.

3. No designation of "Confidential Material" shall be made unless counsel for the designating party believes in good faith that it is significant to the interest of his/her client or to the privacy interests of other individuals that the designated Material be kept confidential and that the client would consider this Material, in the absence of litigation, to be confidential.

4. In the event any of the parties receives information or material derived from a source other than from a party to this litigation and the information or material received from that source is the same in substance as information or material previously provided by a party and designated as "Confidential Material," any of the parties may petition the Court to have such information or material likewise designated as "Confidential Material."

5. No designation of "Confidential Material" shall be effective unless there is placed or affixed on each document or group of documents (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent. Deposition testimony may be designated as "Confidential Material" either by: (i) identifying the portion of testimony as "Confidential Material" at the deposition; or (ii) written notice to the other party within 15 days of receipt of the deposition transcript. Any confidential designation which has been or is omitted prior to or subsequent to the entry of this Stipulation of Confidentiality may be corrected by written notification to opposing counsel.

6. Documents designated "Confidential Material" may not be disclosed by any person to anyone other than to the following: (i) the Court and Court personnel; (ii) counsel for

2

the parties; (iii) employees of counsel for the parties, including associate attorneys, paralegals, litigation assistants, and secretarial, stenographic, and clerical personnel assisting such counsel in this action; (iv) Plaintiff; (v) Defendants and their representatives; (vi) third party deponents to the extent the Confidential Material is relevant to their deposition; and (vii) expert witnesses retained in connection with this action, provided, however, that disclosure of documents designated "Confidential Material" to any such individual will be restricted to such "Confidential Material" as the parties' counsel reasonably and in good faith believes needs be disclosed to the individual in order for counsel to properly prepare the case for trial.

7. Any information or material designated "Confidential Material" shall be disclosed only to those persons designated in paragraphs 6 (iv), (v), and (vi): (a) who shall have read this Stipulation of Confidentiality; and (b) who, prior to the receipt of any "Confidential Material," shall agree to be bound by the terms hereof. Nothing herein shall prevent disclosure beyond the terms of this Stipulation of Confidentiality if the party claiming confidentiality consents in writing to such disclosure, or if the party seeking such disclosure, upon timely notice to the other parties, receives the approval of the Court.

8. A party may challenge the designation of the producing party's "Confidential Material." The parties shall meet and confer in a good faith attempt to resolve the challenge within seven (7) days of the objection. If the parties cannot reach an agreement as to the subject deposition testimony or document(s), the challenging party can apply to the Court for a ruling that deposition testimony or a document (or category of documents) designated as "Confidential Material" is not entitled to such status and protection. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

3

9. In the event that Plaintiff or Defendant wishes to file any "Confidential Material" with the Court prior to trial, the party seeking to file such "Confidential Material" with the Court shall do so pursuant to any Court established directions or procedures or in the absence of such established directions or procedures take steps necessary to ensure that the "Confidential Material" is filed under seal and is maintained by the Court under seal until further order of the Court. To the extent that any "Confidential Material" cannot be filed with the Court under seal, the party seeking to file the "Confidential Material" shall meet and confer with the other party in good faith regarding appropriate redactions to the "Confidential Material" at least seven (7) days, or as early as reasonably practicable, early as prior to the anticipated filing of the "Confidential Material." The parties shall cooperatively agree what, if any, parts of the "Confidential Material" must be redacted prior to filing. If the parties cannot agree as to what sections should be redacted as "Confidential Material," the designating party shall file a motion with the Court seeking to protect such information as "Confidential Material" pursuant to this Agreement within three (3) days of the parties' inability to agree as to the appropriate redactions, or as early as reasonably practicable.

10. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial.

11. This Stipulation of Confidentiality is intended only to govern the procedures for disclosure of confidential documents, material, and information. Nothing contained in this Stipulation of Confidentiality is intended to or shall be construed to waive any objections by any party, including objections on the grounds of privilege and/or confidentiality, to any requests for discovery by any other party in this action. Moreover, nothing contained in this Stipulation of

4

Confidentiality shall be construed as an admission by any party regarding the general admissibility of materials designated as "Confidential Material."

12. Nothing contained in this Stipulation of Confidentiality shall be construed to prevent any party from making an application to the Court for revision of the terms of this Stipulation of Confidentiality.

13. All "Confidential Material" and all copies thereof are to be destroyed or returned to the party claiming confidentiality within thirty (30) days after trial, appeal, settlement or other final resolution of this action. Despite the foregoing, counsel for the Parties may maintain complete copies of their files, including materials designated as Confidential, as required by the licensing Bar in the jurisdiction in which they practice.

14. Should any party to this Stipulation of Confidentiality become obligated to produce any "Confidential Material" in response to a third party's service of a subpoena or other legal process, said party will notify the party claiming confidentiality of such service within five (5) business days of its receipt.

15. Nothing contained in this Stipulation of Confidentiality shall restrict or impair a party's ability to use its own designated "Confidential Material."

16. If, in connection with this litigation and despite a producing party having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject Material.

17. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide written confirmation to counsel that all such information has been returned or destroyed.

18. The terms of this Stipulation of Confidentiality shall remain in effect and the undersigned parties shall be bound thereunder unless and until said terms are modified by agreement of all parties to the Stipulation of Confidentiality or unless and until the Stipulation of Confidentiality is terminated by mutual agreement of the parties.

19. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

*Attorneys for Kimberly Stines*

DATE: September 21, 2023
New York, New York

*Attorneys for* The Estate of Joseph Bernal

DATE: September ___, 2023
New York, New York

*Attorneys for* AMATEUR ATHLETIC UNION OF THE UNITED STATES (a/k/a AAU USA),

DATE: September 12, 2023
New York, New York

*Attorneys for* FORDHAM UNIVERSITY

DATE: September ___, 2023

6

17. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide written confirmation to counsel that all such information has been returned or destroyed.

18. The terms of this Stipulation of Confidentiality shall remain in effect and the undersigned parties shall be bound thereunder unless and until said terms are modified by agreement of all parties to the Stipulation of Confidentiality or unless and until the Stipulation of Confidentiality is terminated by mutual agreement of the parties.

19. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

_____
*Attorneys for Kimberly Stines*

DATE: September 21, 2023
   New York, New York


_____
*Attorneys for* The Estate of Joseph Bernal

DATE: September \_\_\_, 2023
   New York, New York

_____
*Attorneys for* AMATEUR ATHLETIC UNION OF THE UNITED STATES (a/k/a AAU USA),

DATE: September 12, 2023
   New York, New York

_____
*Attorneys for* FORDHAM UNIVERSITY

DATE: September 26, 2023

6

New York, New York

*Attorneys for* BERNAL'S GATOR SWIM CLUB OF NEW ENGLAND, INC.,
BAYSTATE GATOR SWIMCLUB, LLC

DATE: September 26, 2023
New York, New York

SO ORDERED.

DATE: September 26, 2023
New York, New York

HONORABLE JOHN G. KOELTL

7