UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY STINES,<br><br>       Plaintiff,<br><br>   v.<br><br>ALVARO SANCHEZ, et al.,<br><br>       Defendants. | 21-CV-7884 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

  In a status letter filed December 6, 2023, the parties stated that the deposition of Michelle Sweeney, a non-party witness, occurred on November 29, 2023, and would be continued at a later date. *See* ECF No. 105. On April 3, 2024, Chambers received a telephone call from Ms. Sweeney regarding the scheduling of her deposition, as described in an order issued the same day. *See* ECF No. 108. On April 5, 2024, Plaintiff and Defendants Baystate Gator Swim Club, LLC and Bernal's Gator Swim Club of New England, Inc. (the "Swim Club Defendants") filed letters in response to the April 3 order. *See* ECF Nos. 110, 111. The same day, Plaintiff filed a letter motion, seeking to strike the Swim Club Defendants' letter in response or in the alternative, to file it under seal. *See* ECF No. 112. A conference was held regarding these matters on April 11, 2024.

  For the reasons discussed at the conference, it is hereby **ORDERED** that Ms. Sweeney's deposition will take place on **April 22, 2024,** beginning at **6:30 P.M. EST.** The deposition will consist of no more than three hours of testimony, *i.e.*, three hours excluding any breaks.

  It is further **ORDERED** that Plaintiff's motion to strike or seal the Swim Club Defendants' letter at ECF No. 110 is **DENIED**. "A court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances."

*Natural Resources Def. Council, Inc. v. U.S. Food & Drug Admin.*, 884 F.Supp.2d 108, 115 n.5 (S.D.N.Y. 2012) (internal quotation marks omitted).  "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).  "[W]hile a court must still articulate specific and substantial reasons for sealing such materials, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*  Plaintiff argues in substance that the Swim Club Defendants' letter is unrelated to the merits of this case and that the letter is a personal attack on Plaintiff's counsel.  Although the Court appreciates the seriousness of the allegations, the record ultimately does not support a finding that the Swim Club Defendants' letter is abusive or otherwise improper to the extent that it requires striking from the public docket.  Similarly, the Court does not find that there are "specific and substantial reasons" to support sealing.

Instead, as stated at the conference, the Court makes no holding and does not assume the truth of any allegations in the parties' or Ms. Sweeney's submissions to the Court.  *See id.* at 52 ("Materials submitted by parties to a court should be understood for what they are. They do not reflect the court's own findings.").  Counsel are reminded of their obligation to act professionally in their dealings with each other and with witnesses.

      The Clerk of Court is respectfully directed to close the motion at ECF No. 111 and to mail a copy of this order to Ms. Sweeney. Chambers will also email a copy of this order to Ms. Sweeney.

      SO ORDERED.

Dated: April 11, 2024
       New York, New York

                                                            DALE E. HO
                                          United States District Judge