**MEMO ENDORSED**



147 West 25th Street, 12th Floor
New York, New York 10001
chaudhrylaw.com

**Application GRANTED.** The documents in question, ECF No. 133, are judicial documents in that they are relevant to this Court's performance of its judicial function. *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). However, as documents that "play only a negligible role in the performance of [the Court's] Article III duties," there is a lower presumption of public access to these documents. *Id.* Moreover, the fact that these documents also implicate attorney-client privilege concerns and contain sensitive commercial information also weighs in favor of sealing. *See, e.g.*, *Graczyk v. Verizon Communications, Inc.*, No. 18 Civ. 6465, 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (commercial documents); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (commercial documents); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006) (documents implicating attorney-client privilege). Therefore, access to ECF No. 133 shall remain limited to applicable parties and court personnel. The Clerk of Court is respectfully directed to terminate ECF No. 130.

Dated: November 22, 2024
New York, New York

Dale E. Ho
United States District Judge

Re:   *Stines v. Sanchez, et al.*, 1:21-cv-7884-DEH-GWG
      Letter Motion Seeking Leave to File Certain Documents Under Seal in Support of ChaudhryLaw PLLC's Motion to Withdraw as Counsel Pursuant to Local Civil Rule 1.4

Dear Hon. Judge Ho:

We are currently counsel to Baystate Gator Swim Club, LLC and Bernal's Gator Swim Club of New England, Inc. (collectively, "Swim Club Defendants"). Our firm, ChaudhryLaw PLLC ("ChaudhryLaw"), intends to file a Motion to Withdraw as Counsel pursuant to Local Civil Rule 1.4. Pursuant to Your Honor's Individual Rules and Practices in Civil Cases, we write to seek leave to file under seal certain accompanying documents to ChaudhryLaw's Motion to Withdraw as Counsel. Specifically, the documents counsel seeks to file under seal contain confidential financial information between Swim Club Defendants and ChaudhryLaw that courts routinely withhold from public view.

"In considering a motion to seal, the court undertakes a three-part analysis." *Averbach v. Cairo Amman Bank*, 2023 WL 4144758, at *1 (S.D.N.Y. June 23, 2023). "First, the court must determine whether the document is in fact a judicial document." *Id.* "Second, once the [c]ourt finds that the document is a 'judicial document,' [it] must determine the weight of the presumption that attached." *Id.* "The strongest presumption attaches where the documents determin[e] litigants' substantive rights, and [the presumption] is weaker where the documents play only a negligible role in the performance of Article III duties." *Olson v. Major League Baseball*, 29 F.4th 59, 89–90 (2d Cir. 2022) (alteration in original) (citations and quotation marks omitted). "Third, once the [c]ourt has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption." *Averbach*, 2023 WL 4144758, at *2. "The court must make specific, on the record, findings that sealing is necessary to preserve higher values, and is narrowly tailored to serve that interest." *Id.* (citation and quotation marks omitted). We address each part of the analysis below.

*First*, the documents are clearly judicial documents as they are motion papers and accompanying documents being filed with the Court. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (noting that a judicial document is "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." (citation and quotation marks omitted)). *Second*, because the documents counsel seeks to file under seal are "in connection with a . . . non-dispositive motion," *Averbach*, 2023 WL 4144758, at *1; *Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019), these documents are accorded a lower presumptive right to public access, *see Brown*, 929 F.3d at 49–50.

*Third*, "'[h]igher values' the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of confidential sensitive business information." *Averbach*, 2023 WL 4144758, at *2. The documents in question here implicate the latter two categories of documents. Courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." *In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023). ChaudhryLaw's financial agreement with the Swim Club Defendants, cited in and attached to ChaudhryLaw's motion, squarely fits in that category. In addition, ChaudhryLaw's billing documents also implicate attorney-client privilege and work product interests given that the entries describe the work performed in the case. These documents are routinely redacted or filed under seal. *See, e.g.*, *LCS Group LLC v. Shire LLC*, 2020 WL 9260990, at *3 (S.D.N.Y. Jan. 8, 2020). Accordingly, the interests in favor of sealing overcome the right of public access to the judicial documents here, and this Court should grant ChaudhryLaw's motion to seal the documents.

Lastly, ChaudhryLaw complied with the "meet and confer" requirement in Your Honor's Individual Rules and Practices Rule 6(d)(i). Counsel informed the other parties in the case of the impending Motion to Withdraw as Counsel as well as counsel's intent to file the instant request for leave to file the supporting financial documentation accompanying the motion under seal. The parties met and conferred telephonically on September 16, 2024, and **all parties consent** to ChaudhryLaw filing the referenced financial documents under seal.

In light of the foregoing, ChaudhryLaw respectfully requests that this Court grant its motion to seal the supporting financial documentation accompanying its Motion to Withdraw as Counsel Pursuant to Local Civil Rule 1.4.

        Respectfully submitted,

        Seth J. Zuckerman

Cc: All counsel of record (via ECF)